IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FISCALNOTE, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:20-cv-01579 |
| DANIEL GERMAIN and | : **Jury Trial Demanded** |
| GERMAIN CONSULTING, LLC | : |
| Defendants. | : |

## ANSWER

Defendants, Daniel Germain and Germain Consulting, LLC, (hereinafter "Defendants"), by and through its undersigned, answers Plaintiff FiscalNote, Inc.'s ("Plaintiff") Complaint (ECF 1) as follows:

### Statement of the Case

Defendants vigorously deny all the allegations in Plaintiff's un-numbered "Statement of the Case": Defendants deny that they committed any "theft," "intentionally stole" anything from Plaintiff, and that they "forced [Plaintiff] to compete directly against its own trade secrets." Defendants further deny that they downloaded any files or information without authorization, engaged in any unlawful solicitation, defamed or disparaged Plaintiff, made any false statements about Plaintiff, or improperly used any "inside experience" about Plaintiff. Defendants deny Plaintiff's paranoid allegations that they "fed misleading and outdated documents and information to the media"—such as by "curat[ing] a selective set of documents which paint a false and misleading impression of the state of [Plaintiff's] customer relationships" and "provid[ing] that misleading information to the *Washington Business Journal*." Defendants deny

that they led a "campaign to damage the company" or that they were "unjustly enrich[ed]" in any manner. And Defendants deny that Plaintiff is entitled to any relief whatsoever.

## Parties

1. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

2. Admitted.

3. Admitted.

## Jurisdiction and Venue

4. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied.

5. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied.

6. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied.

7. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied.

## Facts Common to All Counts

8. Admitted in part, denied in part. Admitted only that Plaintiff is a software, data, and media company that offers certain aggregation, artificial intelligence, and news and data feed products, some of which can be used to help track government actions. Denied in all other respects.

9. Admitted in part, denied in part. Admitted only that FiscalNote markets and sells products related to tracking and taking certain action regarding laws, regulations, and government actions. Defendants are presently without knowledge or information sufficient to

form a belief as to the truth of the remaining averments set forth in this paragraph and therefore deny them.

10. Admitted in part, denied in part. Admitted only that one of FiscalNote's products is an advocacy tool called "Engage" that allows customers to send messages to elected officials. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph and therefore deny them.

11. Admitted in part, denied in part. Admitted only that FiscalNote acquired CQ Roll Call. Defendants deny the characterization of CQ Roll Call's business. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph and therefore deny them.

12. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averment set forth in this paragraph and therefore deny it.

13. Admitted.

14. Denied.

15. Admitted in part, denied in part. Admitted only that Mr. Germain became Senior Technical Fellow in or around June 2019. Denied in all other respects.

16. Admitted in part, denied in part. Admitted only that Mr. Germain continued to work at FiscalNote after he became Senior Technical Fellow. Denied in all other respects.

17. Denied.

18. Admitted in part, denied in part. Admitted only that, in August 2019, FiscalNote stored some information in cloud-based GDrive accounts accessible to employees as well as to third parties. Many of the remaining averments in this paragraph are legal conclusions as to which no response is required. To the extent that a response to any of the remaining averments is

required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of those averments and therefore deny them.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

24. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

25. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averment that "[t]he 3,972 documents included copies Germain had created of certain company emails, including emails containing confidential business information." Denied in all other respects.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted.

31. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments regarding the contents of "FiscalNote's Acceptable Use Policy." Denied in all other respects.

32. Denied.

33. Denied.

34. Denied.

35. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

36. Admitted in part, denied in part. Admitted that Mr. Germain was an experienced, senior information technology responsible, in part, for FiscalNote's cybersecurity. Denied in all other respects.

37. Denied.

38. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

39. Admitted in part, denied in part. Admitted only that Mr. Germain formed Germain Consulting, LLC and registered a website for Germain Consulting, LLC in or about early November 2019. Denied in all other respects.

40. Denied.

41. Denied.

42. Denied.

43. Admitted in part; denied in part. Admitted only that the Washington Business Journal ("WBJ") published an article about FiscalNote in February 2020. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averment regarding the purported support for the WBJ's statements. Denied in all other respects.

44. Denied.

45. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## Count I
## Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030)

50. Defendants incorporate the responses to paragraphs 1-49 by reference as if fully set forth herein.

51. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied.

52. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

53. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, Defendants deny that Mr. Germain "obtained information by downloading 98 files" from a FiscalNote owned GDrive on or about October 10, 2019. Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the other averments set forth in this paragraph and therefore deny them.

54. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averment set forth in this paragraph and therefore denies it.

55. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, denied.

56. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

57. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

### Count II
### Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836)

58. Defendants incorporate the responses to paragraphs 1-49 by reference as if fully set forth herein.

59. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

60. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

61. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averment set forth in this paragraph and therefore denies it.

62. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. Moreover, it is tautological. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averment set forth in this paragraph and therefore denies it.

63. Denied.

64. Denied.

65. Denied.

66. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, denied.

67. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

### Count III
### Violation of the D.C. Uniform Trade Secrets Act (D.C. Code Ann. § 36-401)

68. Defendants incorporate the responses to paragraphs 1-49 and 59-67 by reference as if fully set forth herein.

69. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averment set forth in this paragraph and therefore denies it.

70. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averment set forth in this paragraph and therefore denies it.

71. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and therefore deny them.

72. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

73. Denied.

74. Denied.

75. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, denied.

76. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

### Count IV
### Tortious Interference with Contractual and/or Economic Relations

77. Defendants incorporate the responses to paragraphs 1-49, 59-67, and 69-76 by reference as if fully set forth herein..

78. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averment set forth in this paragraph and therefore denies it.

79. Denied.

80. Denied.

81. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

### Count V
### Breach of Fiduciary Duty

82. Defendants incorporate the responses to paragraphs 1-49 by reference as if fully set forth herein.

83. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied.

84. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

85. Denied.

86. Denied.

87. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

## Count VI
## Unfair Competition

88. Defendants incorporate the responses to paragraphs 1-49 by reference as if fully set forth herein.

89. Denied.

90. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, denied.

91. The averments in this paragraph are legal conclusions as to which no response is required and are therefore denied. To the extent that a response is required, denied.

92. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied.

93. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

94. The averment in this paragraph is a legal conclusion as to which no response is required and is therefore denied. To the extent that a response is required, denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state legal claims upon which relief can be granted.

2. At all times, Defendants acted lawfully.

3. At all times, Defendants acted in good faith and without malice.

4. The information and/or files that Plaintiff claims Defendants have improperly acquired, disclosed, and/or used are neither trade secrets nor confidential.

5. Plaintiff has not taken reasonable steps to keep secret the information and/or files that it alleges Defendants have improperly acquired, disclosed, and/or used. Indeed, Plaintiff routinely shared information and files stored on its cloud-based storage accounts with third parties who had no obligation to protect that information or those files' confidentiality or secrecy.

6. The information and/or files Plaintiff alleges Defendants improperly acquired, disclosed, and/or used do not derive independent economic value from being not generally known.

7. The information and/or files Plaintiff alleges Defendants improperly acquired, disclosed, and/or used are readily ascertainable through proper means, including in and through publicly-available information or information generally known in the industry.

8. The information and/or files Plaintiff alleges Defendants improperly acquired, disclosed, and/or used do not have economic value to Defendants or others.

9. Defendants have not misappropriated any of Plaintiff's trade secrets or confidential information.

10. Defendants did not acquire any of Plaintiff's trade secrets or confidential information through improper means and have not disclosed or used any of Plaintiff's trade secrets or confidential information that were acquired through improper means.

11. To the extent that Defendants accessed a computer belonging to Plaintiff, Defendants had authorized access and/or permission to do so.

12. To the extent that Defendants accessed a computer belonging to Plaintiff, Defendants did not act with the knowledge or intent that such access was unauthorized or was without permission.

13. Defendants have not made any false, misleading, and/or disparaging statements about Plaintiff.

14. Plaintiff's tort claims are preempted, in whole or in part, by the D.C. Uniform Trade Secrets Act and/or the Virginia Uniform Trade Secrets Act.

15. Plaintiff's tort claims against Mr. Germain are barred by the gist of the action doctrine and/or the economic loss doctrine.

16. Defendants have not used any of Plaintiff's trade secrets or confidential information to solicit Plaintiff's customers or to otherwise improperly or unfairly compete against Plaintiff.

17. Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was justified and privileged.

18. Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was nothing more than free and lawful competition.

19. The Complaint is barred in whole or in part by the doctrines of estoppel, laches, and/or waiver.

20. Plaintiff's claims are barred or limited by the applicable statutes of limitation.

21. Plaintiff is barred from any remedy, or certain remedies, by the doctrine of unclean hands.

22. The Complaint is barred as a result of wrongful and/or unlawful conduct on Plaintiff's part.

23. The Complaint is barred because Plaintiff has not suffered, nor is Plaintiff likely to suffer, any damages whatsoever.

24. The Complaint is barred because Plaintiff has brought this case for improper and unlawful purposes, including, *inter alia*, to satisfy a personal vendetta against Mr. Germain and

to otherwise retaliate against Mr. Germain, to stifle lawful competition, and to improperly collect information about Plaintiff's other competitors in the market.

25. The injuries, losses, or damages alleged to have been sustained by Plaintiff were not factually or proximately caused by Defendants.

26. No conduct or actions on the part of Defendants caused or contributed to Plaintiff's alleged injuries or damages.

27. Plaintiff's claimed damages are speculative in nature, thereby barring their recovery.

28. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate their damages.

29. Punitive and/or exemplary damages are unwarranted and unsupportable.

30. Plaintiff's claim for attorneys' fees is barred, in whole or in part, by applicable law or is otherwise unwarranted.

31. Defendants reserve the right to amend and to assert any additional separate defenses based upon the discovery of additional facts ascertained through continuing and ongoing investigation and discovery.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendants demand a trial by jury on all issues so triable.

\* \* \*

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Defendants on all counts of the Complaint, and award Defendants their attorney's fees and costs and all such other relief as the Court deems just and proper.

Dated:   May 19, 2021

Respectfully submitted,

Daniel Germain and Germain Consulting, LLC
*By Counsel*

**BLANK ROME LLP**


 /s/ Adrien C. Pickard
Adrien C. Pickard (VA Bar No. 65833)
1825 Eye Street NW
Washington, DC 20006
Tel.: 202-772-5845
APickard@BlankRome.com

Jason A. Snyderman, Esq. (Admitted Pro Hac Vice)
Huaou Yan, Esq. (Admitted Pro Hac Vice)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: 215-569-5000
Snyderman@blankrome.com
HYan@blankrome.com

*Counsel to Defendants Daniel Germain and Germain Consulting, LLC*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2021, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice of this filing to the following counsel of record:

D. Jack Blum
Polsinelli PC
1401 I ("Eye") Street, N.W., Suite 800
Washington, DC 20005
Tel.: 202-772-8483
Jack.Blum@Polsinelli.com
*Counsel to Plaintiff FiscalNote, Inc.*

/s/ Adrien C. Pickard
Adrien C. Pickard (VA Bar No. 65833)
Blank Rome, LLP
1825 Eye Street NW
Washington, DC 20006
Tel.: 202-772-5845
Fax: 202-572-1430
APickard@BlankRome.com